**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4747**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL SPENCER CLARK,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:03-cr-01055-TLW-1)

_____

Submitted: January 12, 2011         Decided: February 2, 2011

_____

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Russell W. Mace, III, THE MACE FIRM, Myrtle Beach, South
Carolina, for Appellant.  William N. Nettles, United States
Attorney, William E. Day, II, Assistant United States Attorney,
Columbia, South Carolina; Lanny A. Breuer, Assistant Attorney
General, Greg D. Andres, Acting Deputy Assistant Attorney
General, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Spencer Clark appeals his 112-month sentence imposed following his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (2006). On appeal, Clark argues that the district court erred in enhancing his sentence pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6). Specifically, Clark contends the district court erred in using the 2005 edition of the guidelines manual rather than the 2006 edition when calculating his offense level; there was insufficient evidence that the firearm found in his car was connected to the drugs possessed by Clark; and the firearm possessed by Clark neither facilitated nor had the potential to facilitate drug possession. We affirm.

Appellate courts are charged with reviewing sentences for both procedural and substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). In determining procedural reasonableness, this court first assesses whether the district court properly calculated the defendant's advisory guidelines range. Id. at 49-50. Clark's challenge to the application of the enhancement for possessing the firearm in connection with a felony offense contests the procedural reasonableness of his sentence.

Because Clark failed to raise this claim before the district court, this court's review is for plain error. United

2

States v. White, 405 F.3d 208, 215 (4th Cir. 2005). To establish plain error, Clark must "show that an error occurred, that the error was plain, and that the error affected his substantial rights." Id. In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United States v. Washington, 404 F.3d 834, 849 (4th Cir. 2005) (internal quotation marks and citation omitted). Even if such a showing is made, the decision to correct the error is in the discretion of this court, based on a determination that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993) (internal quotation marks, alterations and citation omitted).

After reviewing the record, we conclude that the district court's error in using the 2005 edition of the guidelines manual when sentencing Clark did not affect his substantial rights. We also conclude that the court correctly enhanced Clark's sentence for possessing the firearm in question in connection to another felony offense, pursuant to USSG § 2K2.1(b)(6) (2006).[*]

---

[*] In the pre-2006 editions of the guidelines manual, such as the 2005 edition used by the district court, this section was labeled § 2K2.1(b)(5).

3

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>